**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **TARIEL EMILEV** | **CASE NO. 3:26-CV-01829** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **DAVID WAYNE EASLEY, ET AL.** | **MAGISTRATE JUDGE LEBLANC** |

**ORDER**

Before the Court are Petitioner's Motion for Preliminary Injunction and for Consolidation of Motion for Preliminary Injunction with Merits Ruling on Count One [ECF No. 5]; Motion to Submit the Petition and Motion for Preliminary Injunction on the Briefs [ECF No. 21]; and Second Motion to Expedite Consideration of the Petition and Motion for Preliminary Injunction [ECF No. 37]. For the following reasons, those motions are DENIED in part and REFERRED in part.

As to the Motion for Preliminary Injunction, preliminary injunctive relief is an "extraordinary remedy" that should only be granted if the movant has "clearly carried the burden of persuasion" on the following four elements: (1) a substantial likelihood that the movant will prevail on the merits; (2) a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) granting the injunction will not disserve the public interest.[1] The decision to grant preliminary injunctive relief "is to be treated as the exception rather than the rule."[2]

[1] *Miss. Power & Light Co. v. United Gas Pipe Line Co*., 760 F.2d 618, 621–22 (5th Cir.1985); *see also Perez v. City of San Antonio*, 163 F.4th 110, 118 (5th Cir. 2025).
[2] *Miss. Power & Light Co.* at 621.

"The purpose of a preliminary injunction is not to give the plaintiff the ultimate relief it seeks."[3] Rather, it is to preserve the status quo and "prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits."[4] Here, Petitioner seeks an injunction granting the same ultimate relief he seeks on the merits of his habeas petition. Where a motion for injunctive relief mirrors the allegations in support of the habeas petition (as in this matter) and both seek the same relief, the motion for injunctive relief may be denied.[5] "Otherwise, a motion for preliminary injunction seeking immediate release would function as a form of accelerated review, circumventing the habeas process."[6] As recently set forth by another judge of this District,

> The very basis of a habeas action is to challenge the statutory or constitutional basis for detention. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). Seeking injunctive relief that mirrors the relief requested in the habeas petition is nothing more than a motion to decide my habeas petition now. The Court will not allow Petitioner to commit an end-run around the habeas process.[7]

To the extent the Motion for Preliminary Injunction requests different relief from the underlying petition, the Court notes that Petitioner has not made any showing that removal or transfer from his current place of detention is imminent. Accordingly, he has not demonstrated substantial likelihood of either success on the merits or irreparable harm. The Motion for Preliminary Injunction is DENIED.

---

[3] *WarnerVision Entm't Inc. v. Empire of Carolina, Inc.*, 101 F.3d 259, 261–62 (2d Cir. 1996); *see also Lackey v. Stinnie*, 604 U.S. 192, 200 (2025).
[4] *Meis v. Sanitas Serv. Corp.*, 511 F.2d 655, 656 (5th Cir. 1975); *see also Sambrano v. United Airlines, Inc.*, 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022).
[5] *Stines v. Superintendent*, No. 24-CV-456, 2025 WL 1448358, at *2 (N.D.N.Y. May 20, 2025) (quoting *Lawry v. Wolcott*, No. 20-CV-588, 2020 WL 4018344, *6 (W.D.N.Y. July 15, 2020); *accord Meade v. Spaulding*, No. 16-CV-2212, 2017 WL 3425181, at *2 (M.D. Pa. Aug. 9, 2017).
[6] *Stines*, *supra*.
[7] *Rodriguez v. Lyons*, No. 25-CV-1926, 2025 WL 3553742, at *1 (W.D. La. Dec. 8, 2025).

As to the Motion requesting submission of the petition and Motion for Preliminary Injunction on the briefs, the Court notes the Motion has been opposed by respondents [ECF No. 22]. The court has reviewed the pleadings and DENIES the Motion.

Finally, regarding the Motion requesting expedited review of the Petition and Motion for Preliminary Injunction, the Motion is DENIED as moot as to the Motion for Preliminary Injunction. As to the Petition, the court REFERS the Motion for Expedited Review to the Magistrate Judge for ruling.

IT IS HEREBY ORDERED that the Motion for Preliminary Injunction [ECF No. 5] and Motion to Submit the Petition and Motion for Preliminary Injunction on the Briefs [ECF No. 21] are DENIED and the Motion for Expedited Consideration [ECF No. 37] is DENIED as moot regarding the Motion for Preliminary Injunction and REFERRED to the Magistrate Judge for ruling regarding the Petition for Writ of Habeas Corpus.

THUS DONE in Chambers on this 21st day of October, 2026.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE